IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LISA BARDWELL, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:08-CV-1119-K |
| | § | |
| BANK OF NEW YORK AS TRUSTEE | § | |
| FOR THE CERTIFICATE HOLDER | § | |
| CWABS, INC., ASSET-BACKED | § | |
| CERTIFICATES SERIES 2006-26 | § | |
| COMPANY, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER**

Before the court is Defendant's Motion for Partial Summary Judgment, filed January 8, 2010. After review and consideration of the motion, response, reply, summary judgment evidence, pleadings on file in this case, and the applicable law, the court has determined that, for the reasons that follow, the motion should be **granted**, and those claims challenged by Defendant in the motion are hereby **dismissed with prejudice.**

I.  Factual and Procedural Background

The relevant facts summarized herein are largely undisputed; however, where they are disputed by the parties the court presents them in the light most favorable to Plaintiff. In late 2006, Plaintiff Lisa Bardwell ("Bardwell") sought to refinance her mortgage through Countrywide Home Loans, Inc. ("Countrywide"). Countrywide faxed various

1

loan application documents to Bardwell on November 22, 2006. On December 22, 2006, Bardwell closed on a $195,000 home equity loan, which was secured by a Texas Home Equity Security Instrument (First Lien), and the loan was funded on December 29, 2006. The interest rate on the loan was fixed at 7.250% annually until January 2009, at which time the interest rate would become variable. The current mortgagee is Defendant Bank of New York ("BONY"), as Trustee for CWABS, Inc. Asset-Backed Securities, Series 2006-26. Countrywide is the loan servicer.

Bardwell made several payments on the loan in early 2007, but then stopped making payments. On May 3, 2007, Countrywide sent Bardwell a letter stating that the loan was in default and demanding two payments of $2,375.62 each plus penalties of $66.51. Throughout the remainder of 2007 and into early 2008, Bardwell made a few payments on the loan, although she disputed the amounts demanded by Countrywide in its correspondence to her. Some of those payments were credited to the loan balance and some were apparently refused and returned to Bardwell.

On November 1, 2007, Countrywide's attorneys sent Bardwell a letter stating that Countrywide (acting as servicer to BONY) was accelerating the loan and that $200,708.63 was then due. Bardwell continued to dispute the amount owed, and in her effort to head off foreclosure, eventually filed this suit in state court in June 2008. BONY removed the case to this court, and now moves for partial summary judgment on Bardwell's claims arising under the Texas Constitution, the Texas Finance Code, the Truth-in-Lending Act ("TILA"), the Deceptive Trade Practices Act ("DTPA") and for

breach of contract.

## II. Summary Judgment Standard

Summary judgment is appropriate when the pleadings, affidavits and other summary judgment evidence show that no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2551 (1986). The moving party bears the burden of identifying those portions of the record it believes demonstrate the absence of a genuine issue of material fact. *Celotex,* 477 U.S. at 322-25, 106 S.Ct. at 2551-54. Once a movant makes a properly supported motion, the burden shifts to the nonmovant to show that summary judgment should not be granted; the nonmovant may not rest upon allegations in the pleadings, but must support the response to the motion with summary judgment evidence showing the existence of a genuine fact issue for trial. *Id.* at 321-25, 106 S.Ct. at 2551-54; *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255-57, 106 S.Ct. 2505, 2513-14 (1986). All evidence and reasonable inferences must be viewed in the light most favorable to the nonmovant. *United States v. Diebold, Inc.,* 369 U.S. 654, 655, 82 S.Ct. 993 (1962).

## III. Defendant's Motion for Summary Judgment

For various reasons, BONY argues that Bardwell cannot produce sufficient evidence raising a material issue of fact concerning these claims, and that therefore it is entitled to judgment as a matter of law. Each claim will be addressed separately below.

3

## A. Claims Under the Texas Constitution

BONY argues that Bardwell cannot prevail on her claims brought pursuant to section 50(a)(6) of the Texas Constitution. Specifically, Bardwell contends that she is entitled to forfeiture of all principal and interest on the loan because 1) BONY charged fees in excess of 3% of the principal amount of the loan; and 2) none of the loan documents state that the "Lender will forfeit all principal and interest if the Lender fails to comply with the Lender's obligations." BONY contends on summary judgment that there is no genuine issue of material fact regarding either of these claims.

### 1. Section 50(a)(6)(E) Fee Cap

Under section 50(a)(6)(E) of the Texas Constitution, "an equity loan must not require the owner or the owner's spouse to pay, in addition to any interest, fees to any person that are necessary to originate, evaluate, maintain, record, insure, or service the extension of credit that exceed, in the aggregate, three percent of the original principal amount of the extension of credit." In support of its request for dismissal of this claim, BONY refers to the HUD settlement statement pertaining to the loan. The settlement statement shows that a total of $24,464.06 was deducted from the loan proceeds for "settlement charges." Broken down, it appears that various amounts were deducted from this total for interest, discount points, tax and insurance reserves, and the payment of Bardwell's pre-existing credit card debts. After deducting these amounts, a total of $1,938.16 in fees remained.

Bardwell argues that if the $9,750 in discount points she paid at closing are considered "fees" instead of interest, this amount surpasses the constitutional 3% cap, which for her loan was $5,850. However, Bardwell provides no authority to support her position, and she concedes that in the one case she cites, that court did not decide whether discount points should be considered interest in calculating whether loan fees exceed 3%, given that the party challenging the alleged excessive fees admitted that discount points were properly considered interest exempt from the 3% fee limitation. *See Texas Bankers Assn. v. Assn. of Community Organizations for Reform Now (ACORN),* 303 S.W.3d 404, 412 n.10 (Tex. App. – Austin 2010, pet. filed). Instead, Bardwell invites this court to apply a narrower definition of "interest" in this case based upon the *ACORN* court's decision to invalidate on other grounds the Texas Finance Commission's Rule 153.5(3), which implements the constitutional fee cap.

Meanwhile, BONY relies on an earlier case explicitly holding that points are a form of interest and not subject to the 3% fee limitation. *Tarver v. Sebring Capital Credit Corp.,* 69 S.W.3d 708, 712 (Tex. App. – Waco 2002, no pet.). The *Tarver* court considered the question whether discount points are interest under section 50(a)(6)(E), and decided that

> By the plain language of the provision, as interpreted by reference to Texas statutes and administrative regulations, we conclude that points are not "fees" under subsection "E," because they are not charged to "originate, evaluate, maintain, record, insure, or service the extension of credit." Tex. Const. art. XVI, § 50(a)(6)(E). Therefore, we hold that points are a form of "interest" and not subject to the three-percent limitation.

69 S.W.3d at 712.

5

More recently, the Fifth Circuit considered the potential conflict between the decisions of the *ACORN* and *Tarver* courts. *Cerda v. 2004-EQR1 L.L.C.,* ____F.3d____, 2010 WL 2853651, *12 (5th Cir. 2010). In *Cerda,* the appellate court noted that while the *ACORN* court was justifiably concerned with protecting consumers, categorizing discount points as interest as provided in *Tarver* does not defeat the purpose of the constitutional 3% fee cap. *Id.* The court stated that characterizing discount points as interest rather than fees does not "give lenders carte blanche to charge exorbitant fees through the guise of discount points precisely because the discount points would then be characterized as interest – and thus subject to the consumer protection provisions of the usury laws." *Id.* The court concluded that the district court properly followed *Tarver* when it ruled that discount points were not included in the 3% fee cap. *Id.* Accordingly, this court follows the precedent of the Fifth Circuit and finds that the fees charged to Bardwell at closing did not exceed 3% of the loan amount. This claim must be dismissed.

2. **Loan Documents Not in Compliance with Texas Constitution**

BONY also moves for summary judgment on Bardwell's claim that the loan documents were not in compliance with the requirements of the Texas Constitution, section 50(a)(6)(Q)(x). Bardwell has made no response to BONY's request for summary judgment, and has presented no evidence raising a material fact issue as to this claim. Accordingly, this claim is deemed abandoned, and the court will enter summary judgment for BONY. *See Black v. Panola Sch. Dist.,* 461 F.3d 584, 588 n.1 (5th Cir. 2006) (claim

6

abandoned when plaintiff failed to defend it in response to motion to dismiss); *Scales v. Slater,* 181 F.3d 703, 708 n.5 (5th Cir. 1999) (plaintiff abandoned claim by failing to contest defendant's arguments for dismissal of that claim); *Thompson v. Exxon Mobil Corp.,* 344 F. Supp.2d 971, 976 (E.D. Tex. 2004) (where plaintiff only responded to defendant's summary judgment motion on two claims, remaining claims were deemed to have been abandoned).

### B. Breach of Contract Claims

Bardwell alleges that BONY breached a contract with her by failing to timely fund the loan, and failing to lend sufficient funds for her to accomplish the goals of the loan. To recover for breach of contract, Bardwell must show: 1) the existence of a valid contract between plaintiff and defendant; 2) the plaintiff's performance or tender of performance; 3) the defendant's breach of the contract; and 4) the plaintiff's damage as a result of the breach. *Williams v. Unifund CCR Partners Assignee of Citibank,* 264 S.W.3d 231, 235-36 (Tex.App.-Houston [1st Dist.] 2008, no pet.); *Frost Nat'l Bank v. Burge,* 29 S.W.3d 580, 593 (Tex.App.-Houston [14th Dist.] 2000, no pet.). BONY asserts on summary judgment that Bardwell cannot present a genuine issue of material fact regarding these breach of contract claims, and that therefore it is entitled to judgment as a matter of law.

As above, Bardwell fails to defend both of these claims in response to BONY's motion for summary judgment. Accordingly, she has abandoned them. *Black,* 461 F.3d at 588 n.1; *Scales,* 181 F.3d at 708 n.5; *Thompson,* 344 F. Supp.2d at 976. Moreover, the court also agrees that Bardwell has failed to produce any evidence raising a material fact

7

issue whether any contract between the parties requires funding at a certain time or that the amount lent must be sufficient to meet her goals. Instead, Bardwell argues in her response that BONY committed breach of contract by violating the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601, *et seq.* As BONY points out in its reply, Bardwell has not pleaded a RESPA claim. *See* Petition (Docket No. 1). She cannot avert summary judgment on these breach of contract claims by attempting to raise a new argument under RESPA. For all of these reasons, these claims must be dismissed.

### C. Texas Finance Code

BONY also asserts that it is entitled to summary dismissal of Bardwell's claims under various provisions of the Texas Finance Code. As BONY notes in its reply, Bardwell has presented no arguments or evidence in opposition to BONY's motion on her claims under Tex. Fin. Code §§ 305.001-.002 and 342.002. The court therefore determines that Bardwell has abandoned these claims, and dismisses them. *Black,* 461 F.3d at 588 n.1; *Scales,* 181 F.3d at 708 n.5; *Thompson,* 344 F. Supp.2d at 976. The court will consider further Bardwell's claims under Tex. Fin. Code §§ 343.102 and .204.

#### 1. Tex. Fin. Code § 343.102

Under section 343.102 of the Texas Finance Code, lenders are required to provide certain disclosures to the borrower when their home loans carry an interest rate of 12 percent or greater per year. BONY argues that since Bardwell's interest rate was 7.250%, this provision does not apply and it was not required to make such disclosures to her. In response, Bardwell argues that because she paid discount points in the amount of 5% of

8

the loan, her interest rate is actually 12.250% and she should have received the disclosures dictated by Tex. Fin. Code § 343.102. However, she provides no authority to support her position that discount points are added as a straight percentage to the base interest rate to determine whether the true interest rate exceeds 12 percent.

In *Tarver,* the court stated that "[p]oints are commonly charged as an added compensation to the lender in exchange for a lower interest rate." 69 S.W.3d at 709. It further noted that both "interest" and "points" are calculated as a percent of the principal loan balance. *Id.* at 711. The court therein went on to compare various statutory and administrative references to "interest," and found several examples suggesting that discount points are prepaid interest that may be added to the contracted interest rate to determine the actual rate of interest on a given loan. *Id.* at 712. Of particular note was the court's comparison of how interest rates are determined when making a usury calculation, which requires that discount points be treated as interest and aggregated with other interest charges. *Id.*; *see also* 7 Tx. ADC § 83.707. Like the anti-usury laws, Tex. Fin. Code § 343.102 appears to be designed to protect consumers. Therefore, it is reasonable to assume that the discount points Bardwell paid should be added to the base rate of 7.250% for purposes of determining whether the disclosures required by that statute should have been made to her.

However, BONY still argues that even if Bardwell were able to establish such a violation, she has no evidence that she was damaged because she did not receive the required disclosures. The court agrees that Bardwell has failed to set forth such proof.

9

Further, BONY points out that the statutory provision providing a penalty for violations of Tex. Fin. Code § 343.102 expired on September 1, 2003. *See* Tex. Fin. Code § 343.103. Accordingly, the court grants BONY's request for summary judgment on this claim.

### 2. Tex. Fin. Code. § 343.204

This section of the Texas Finance Code prohibits lenders from engaging in a pattern and practice of extending high-cost home loans to consumers without regard to the customer's repayment ability. Tex. Fin. Code § 343.204(b). BONY contends that Bardwell cannot present evidence raising a genuine issue of material fact whether it disregarded her repayment ability and/or engaged in a pattern and practice of such conduct with other consumers as well. The court agrees. Bardwell has not presented sufficient evidence of this alleged violation, and this claim must be dismissed.

### D. Truth in Lending Act

Bardwell asserts claims under the Truth in Lending Act ("TILA"), stating that she should have received (or more conspicuously received) certain disclosures when she made her loan application and at the time of the loan closing. BONY argues that Bardwell's claims under the Truth in Lending Act ("TILA") should also be dismissed, because they are time-barred and/or because she cannot raise a genuine issue of material fact regarding the substance of these claims. The court agrees that BONY is entitled to summary judgment on Bardwell's TILA claims.

1. **Limitations Issues**

The limitations period for TILA claims is one year. 15 U.S.C. § 1640(e); *Williams v. Countrywide Home Loans, Inc.,* 504 F. Supp.2d 176, 186 (S.D. Tex. 2007), *aff'd,* 2008 WL 687295 (5th Cir. 2008). It is undisputed that Bardwell applied for the loan on November 20, 2006 and closed on December 22, 2006. Therefore, the latest her TILA claims could have accrued is December 22, 2006. Bardwell did not file suit until June 2, 2008, more than one year later. Bardwell responds that equitable tolling or equitable estoppel should be applied because BONY engaged in a "cover up" of the misapplication of her escrow monies that continued through January 2008. Therefore, she argues that these claims should be permitted to proceed. However, Bardwell has presented no summary judgment evidence that raises a material fact issue regarding a purported fraudulent concealment of these claims.

Alternatively, Bardwell argues that because TILA disclosures are required by Tex. Fin. Code § 347.004, and that because a violation of the Texas Finance Code is a violation of the DTPA, her TILA claims are subject to the DTPA's two-year statute of limitations. However, section 347.004 of the Finance Code expressly applies to manufactured home credit transactions, and Bardwell has set forth no evidence that her loan qualifies as this type of transaction. The court holds that Bardwell's TILA claims were filed beyond the applicable limitations period, and therefore they must be dismissed.

2. **Substantive TILA Claims**

In her response, Bardwell cites to no record evidence that would support her TILA

11

claims. Instead, she argues in without evidentiary support that the required disclosures were "buried" in her loan documents. Bardwell's unsubstantiated assertions are insufficient to carry her summary judgment burden. *Morris v. Covan World Wide Moving, Inc.,* 144 F.3d 377, 380 (5th Cir.1998); *Grimes v. Texas Dept. of Mental Health and Mental Retardation,* 102 F.3d 137, 139-40 (5th Cir.1996). Against these standards, the court will briefly review each claim below.

a. **Pre-Closing Disclosures**

Bardwell provides no evidentiary support for her claim that she did not receive the pre-closing disclosures required by TILA. *See* 12 C.F.R. § 226.19(a) and (b). She has not disputed BONY's summary judgment proof that she did receive the disclosures. Bardwell does not cite any proof to the contrary, and thus she cannot avert summary judgment on these claims. *See Ragas v. Tenn. Gas Pipeline Co.,* 136 F.3d 455, 458 (5th Cir. 1998) (Rule 56 does not impose upon the court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment).

b. **Post-Closing Interest Rate Adjustments**

BONY argues that it is entitled to summary judgment on this claim brought pursuant to 12 C.F.R. § 226.20(c). This regulation requires certain disclosures when interest rate adjustments are implemented. It is undisputed that the interest rate on Bardwell's loan has not adjusted. Accordingly, this claim must be dismissed.

### c. Notice of Right to Rescind

TILA requires lenders to provide borrowers with notice of their right to rescind the transaction, including how to exercise the right to rescind and the date the rescission period expires. 15 U.S.C. § 1635(a); 12 C.F.R. § 226.23(b)(1). BONY has presented competent summary judgment evidence that it provided Bardwell with the required disclosures concerning her right to rescind. Bardwell has not controverted this evidence. Thus, BONY is entitled to summary judgment on this claim.

### d. Disclosures for Federal High-Cost Home Loans

Under 12 C.F.R. § 226.32, federally-defined high-cost home loans require disclosures to the borrower. BONY's summary judgment proof shows that Bardwell's loan was analyzed at the time of closing to determine whether it fell into the federal high-cost home loan category. Because it did not, BONY argues that the loan was not subject to the requirements of section 226.32. Bardwell has presented no proof to raise a genuine issue of material fact to the contrary. This claim should also be dismissed on summary judgment.

### E. Texas Debt Collection Act and DTPA

Finally, BONY seeks summary judgment on Bardwell's claim brought pursuant to the Texas Debt Collection Act ("DCA"), Tex. Fin. Code § 392.304, which "ties-in" to the Texas Deceptive Trade Practices Act ("DTPA"), Tex. Bus. & Com. Code § 17.46, *et seq.* Bardwell bases these claims on the allegation that BONY attempted to collect a debt from her using false representations or deceptive means. (*See* Petition, Docket No. 1).

Bardwell makes no argument in her response to support this claim, and therefore the court regards it as abandoned. *Black,* 461 F.3d at 588 n.1; *Scales,* 181 F.3d at 708 n.5; *Thompson,* 344 F. Supp.2d at 976. Therefore, this claim is hereby dismissed.

IV. **Conclusion**

For the foregoing reasons, Defendant's Motion for Partial Summary Judgment is **granted**, and those claims addressed therein are hereby **dismissed with prejudice.**

**SO ORDERED.**

Signed August 31st, 2010.

*Ed Kinkeade*
ED KINKEADE
UNITED STATES DISTRICT JUDGE